UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| REBECCA KUDELKA,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>HOFFMAN OF ALBANY TURNPIKE<br>d/b/a HOFFMAN NISSAN,<br><br>　　　　　　Defendant | CIVIL ACTION NO. |

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Rebecca Kudelka ("Plaintiff"), is a natural person with a residential address of 7 Connor Avenue, Westfield, Hampden County, Massachusetts.

2. The Defendant, Hoffman of Albany Turnpike d/b/a Hoffman Nissan ("Defendant Company"), is a corporation located at 750 Connecticut Boulevard, East Hartford, Hartford County, Connecticut. The Defendant Company operates a business located at 46 Albany Turnpike, West Simsbury, Hartford County, Connecticut.

### Jurisdiction

3. This Court has jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. §§ 1331 as there are federal questions of law. The Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

4.  This Court has supplemental jurisdiction over the Plaintiff's state claims pursuant to 28 U.S.C. § 1367 and otherwise. The Plaintiff's state claims are brought pursuant to Connecticut General Laws 46a-60(a) et seq.

## Facts

5.  The Plaintiff was hired by the Defendant Company on or about April 27, 2017. The Plaintiff was hired for the position of Business Manager and worked at the Defendant Company's 46 Albany Turnpike, West Simsbury, Hartford County, Connecticut location. The Defendant Company employs more than fifteen (15) employees.

6.  The Plaintiff has over twenty (20) years of experience in the automobile finance business.

7.  The Plaintiff performed her job responsibilities well throughout the course of her employment with the Defendant Company. The Plaintiff received positive performance evaluations. In addition, over the course of her employment at the Defendant Company, the Plaintiff was twice awarded the Hoffman cup and received two (2) bonuses totaling approximately $20,000.00.

8.  Throughout the course of the Plaintiff's employment at the Defendant Company, she was sexually harassed and subjected to a hostile work environment by Brian Clark, General Sales Manager, and Ariel Pagan, Sales Manager.

9.  Examples of the sexual harassment include, but are not limited to, frequent inappropriate comments about the Plaintiff's and other females' bodies, clothing and overall appearance. Pagan frequently leered at female customers as well as a female coworker, Cindy. Pagan made sexual gestures toward Cindy such as grabbing his groin when in front of her, throwing things down her shirt and telling her to bend over in front of him to pick something up so that he could look at her buttocks. Pagan regularly discussed

whether he would have sex with particular females and made comments such as that he "would not touch that with a ten (10) foot pole."

10. The Plaintiff's coworker, Cindy, often wore inappropriate clothing to work; for example, wearing sheer tops without a brassiere. The Plaintiff felt uncomfortable with the way Cindy dressed because of the way that the men in the office, specifically Clark and Pagan frequently sexually harassed her as described above. The Plaintiff, therefore, suggested that the Defendant Company implement a dress code but Clark and Pagan told her not to help Cindy with her attire because she (the Plaintiff) had worn leopard panties and white pants (insinuating that her panties could be seen through her pants) which was not true.

11. After the Plaintiff's coworker Cindy was terminated, Cindy's job responsibilities were transferred to the Plaintiff in addition to her regular job responsibilities. Clark told the Plaintiff that she needed to assume Cindy's job responsibilities because he "would need to grow boobies to do Cindy's job" and since the Plaintiff "already had boobies [she] would take them over."

12. Clark and Pagan often discussed females' bodies (i.e., "boobies" and "clit") in front of the Plaintiff and other employees. Clark and Pagan regularly played vulgarities from the television show South Park on their computers which contained discussions about oral sex and the virgin Mary. Pagan often referred to the Plaintiff as Princess Fiona, from the movie Shrek, insinuating that she looked like a monster.

13. During a sales meeting, Clark announced to the staff that the Plaintiff's mother was "disgusting."

14. On other occasions Clark and Pagan made discriminatory and harassing comments about women in general. For example, Pagan told the Plaintiff that she "made good money for a girl."

15. The Plaintiff resisted and reported the sexually harassing conduct. On numerous occasions, when Clark and/or Pagan made inappropriate sexual comments, she asked them to stop but they just laughed at her. The Plaintiff also made several verbal complaints regarding the same but nothing was done in response to her complaints.

16. When the Plaintiff was awarded the Hoffman cup, Clark told the Plaintiff that it was not supposed to be hers. After she received the $20,000.00 bonus, Clark cornered the Plaintiff and threatened that if she wanted to continue working at the Defendant Company that she had to give him, Pagan and Tyrell Dabrowski, Sales Director, two thirds of her bonus but she refused.

17. The Plaintiff complained about the discrimination and harassment to the Human Resource Department on or about September 5, 2017. Although a meeting between Clark, a Human Resource Representative and the Plaintiff was held in response to her complaint, no action was taken and the discrimination and harassment escalated thereafter.

18. The discrimination and harassment began to affect the Plaintiff's job performance. After receiving a positive performance evaluation, the Defendant Company issued a "performance update" based upon a decline in sales. On or about January 13, 2018, the Defendant Company issued the Plaintiff a written warning based upon "substandard work."

19. The Plaintiff complained a second time to the Human Resource Department on or about February 9, 2018. The Plaintiff did not receive a response to her complaint.

20. On or about February 14, 2018, the Plaintiff's employment at the Defendant Company was terminated. The Defendant Company never provided the Plaintiff with a reason for her termination.

21. The termination of the Plaintiff's employment was not in accordance with the Defendant Company's progressive disciplinary policy. According to said policy, employees receive a second, third and final written warning before their employment is terminated.

22. The incidents described herein are not an exclusive list of the sexual harassment, discrimination and harassment and retaliation that the Plaintiff experienced during her employment at the Defendant Company.

23. The Plaintiff has suffered and continue to suffer from emotional distress as a result of the Defendant Company's sexually harassing, discriminatory, harassing and retaliatory behavior and the Defendant Company's knowing and willful repeated failure to stop and/or remedy the situation.

24. The Plaintiff has satisfied the prerequisites to filing suit.

**Count I**
**(Title VII – Sex/Gender Discrimination and Harassment)**

32. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

33. As more fully set forth above, the Plaintiff was treated differently as to the terms and conditions of her employment and was discriminated against and harassed based upon her sex/gender.

34. The Plaintiff was terminated from her employment, at least in part, based upon the discrimination and harassment she experienced as a result of her sex/gender.

35. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

36. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendant Company to take reasonable steps to ensure that this discriminatory and harassing conduct would not continue.

WHEREFORE, the Plaintiff, Rebecca Kudelka, respectfully requests judgment against the Defendant, Hoffman of Albany Turnpike d/b/a Hoffman Nissan, and for all damages available pursuant to Title VII.

## Count II
### (Title VII – Sexual Harassment)

37. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

38. As more fully set forth above, the Plaintiff was treated differently as to the terms and conditions of her employment and was sexually harassed based upon her sex/gender.

39. The Plaintiff was terminated from her employment, at least in part, based upon the sexual harassment she experienced as a result of her sex/gender.

40. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

41. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendant Company to take reasonable steps to ensure that this sexually harassing conduct would not continue.

WHEREFORE, the Plaintiff, Rebecca Kudelka, respectfully requests judgment against the Defendant, Hoffman of Albany Turnpike d/b/a Hoffman Nissan, and for all damages available pursuant to Title VII.

**Count III**
**(Title VII – Retaliation)**

42. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

43. As more fully set forth above, the Plaintiff was treated differently as to the terms and conditions of her employment based upon the discrimination and sexual harassment she experienced as a result of her sex/gender.

44. The Plaintiff was retaliated against and terminated from her employment, at least in part, based upon the discrimination, sexual harassment and retaliatory conduct of the Defendant Company.

45. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff's employment was terminated.

46. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendant Company to take reasonable steps to ensure that this discriminatory, sexually harassing and retaliatory conduct would not continue.

WHEREFORE, the Plaintiff, Rebecca Kudelka, respectfully requests judgment against the Defendant, Hoffman of Albany Turnpike d/b/a Hoffman Nissan, and for all damages available pursuant to Title VII.

**Count IV**
**(C.G.L. 46a-60(a) – Sex/Gender Discrimination and Harassment)**

47. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

48. As more fully set forth above, the Plaintiff was treated differently as to the terms and conditions of her employment and was discriminated against and harassed based upon her sex/gender.

49. The Plaintiff was terminated from her employment, at least in part, based upon the discrimination and harassment she experienced as a result of her sex/gender.

50. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

51. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendant Company to take reasonable steps to ensure that this discriminatory and harassing conduct would not continue.

WHEREFORE, the Plaintiff, Rebecca Kudelka, respectfully requests judgment against the Defendant, Hoffman of Albany Turnpike d/b/a Hoffman Nissan, and for all damages available pursuant to Title VII.

### Count V
### (C.G.L. 46a-60(a) – Sexual Harassment)

52. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

53. As more fully set forth above, the Plaintiff was treated differently as to the terms and conditions of her employment based upon her sex/gender

54. The Plaintiff was terminated from her employment, at least in part, based upon the sexual harassment she experienced as a result of her sex/gender.

55. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

56. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendant Company to take reasonable steps to ensure that the sexual harassment would not continue.

WHEREFORE, the Plaintiff, Rebecca Kudelka, respectfully requests judgment against the Defendant, Hoffman of Albany Turnpike d/b/a Hoffman Nissan, and for all damages available pursuant to Title VII.

### Count XI
### (C.G.L. 46a-60(a) – Retaliation)

57. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

58. As more fully set forth above, the Plaintiff was treated differently as to the terms and conditions of her employment, at least in part, based upon her sex/gender.

59. The Plaintiff was retaliated against and terminated from her employment, at least in part, based upon the discriminatory, harassing and retaliatory conduct of the Defendant Company.

60. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment. The Plaintiff's employment was terminated.

61. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendant Company to take reasonable steps to ensure that the discriminatory, harassing, sexually harassing and retaliatory conduct would not continue.

WHEREFORE, the Plaintiff, Rebecca Kudelka, respectfully requests judgment against the Defendant, Hoffman of Albany Turnpike d/b/a Hoffman Nissan, and for all damages available pursuant to Title VII.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE IN THE FEDERAL COURT PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND OTHERWISE.**

Respectfully submitted,

The Plaintiff
REBECCA KUDELKA
By His Attorney

*/s/ Daniel J. O'Connell*  Dated: November 5, 2018
DANIEL J. O'CONNELL, ESQ. (ct25853)
O'Connell & Plumb, P.C.
75 Market Place
Springfield, Massachusetts 01103
Telephone No. (413) 733-9111
Facsimile No. (413) 733-9888
Email: doconnell@ocpllaw.com